**LAW OFFICES OF
MICHAEL K. CHONG, LLC**
2 Executive Drive, Ste. 720
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

1250 Broadway, 36th Fl., Ste. 300
New York, NY 10001
Ph#: (212) 726-1104
Fx#: (212) 726-3104

MKC@mkclawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSE M. MENDEZ, individually and on on behalf of other individuals similarly situated,<br><br>            Plaintiff,<br><br>     v.<br>CHATHAM PARKING SYSTEMS INC. d/b/a CHATHAM PARKING SYSTEMS, 170 PARK ROW PARKING CORP. d/b/a 170 PARK ROW PARKING, ELEANOR KAPLAN, STANLEY KWONG,<br><br>            Defendants. | Case No.:<br><br>**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br>**JURY TRIAL DEMANDED**<br><br>     ECF CASE |

---

Plaintiff, JOSE M. MENDEZ ("Plaintiff"), individually and on behalf of other individuals

similarly situated, by and through his attorney, Michael K. Chong, LLC, and as against

Defendants CHATHAM PARKING SYSTEMS INC. d/b/a CHATHAM PARKING

SYSTEMS,170 PARK ROW PARKING CORP. d/b/a 170 PARK ROW PARKING ("Corporate Defendants"), ELEANOR KAPLAN("Individual Defendant", and collectively with corporate Defendants, "Defendants"), STANLEY KWONG ("Individual Defendant", and collectively with Corporate Defendants, "Defendants"),  alleges as follows;

## NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair and Labor Standards Act as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he, and other individuals similarly situated, are entitled to recover from Defendants: 1) unpaid overtime compensation; 2) statutory penalties; 3) liquidated damages; and 4) attorneys' fees and costs.

2. Plaintiff alleges, pursuant to the New York Labor Law ("NYLL"), §§ 190 *et. seq.* and 650 *et. seq.,* and the overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146.1.6, that he and other individuals  similarly situated are entitled to recover from Defendants: 1) unpaid overtime compensation; 2) statutory penalties; 3) liquidated damages; and 4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has Jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331 and  1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 (a).

4. Venue is proper in the Southern  District pursuant to 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, as Defendants operate their businesses in this district, and Plaintiff Mendez was employed by Defendants in this district.

## PARTIES

5. Plaintiff, JOSE M. MENDEZ resides at 9005 153rd Street, Apt. 5-A, Jamaica, Queens County, New York.

6. CHATHAM PARKING SYSTEMS INC. d/b/a CHATHAM PARKING SYSTEMS is a domestic business corporation organized under the laws of New York with a principal executive office and an address for service of process, located at 1 Horizon Road Fort Lee, New Jersey, 07024.

7. CHATHAM PARKING SYSTEMS INC. d/b/a CHATHAM PARKING SYSTEMS operates a parking garage facility located at 180 Park Row, New York, New York 10038.

8. 170 PARK ROW PARKING CORP. d/b/a 170 PARK ROW PARKING is a domestic business corporation organized under the laws of New York with a principal executive office and an address for service and process, located at 107 West 13th Street, 3rd Floor, New York, New York, 10011.

9. 170 PARK ROW PARKING CORP. d/b/a 170 PARK ROW PARKING operates a parking garage or parking lot facility located at 180 Worth Street, New York, New York 10038.

10. At all relevant times to this Complaint, Plaintiff Mendez was employed as a parking garage or lot attendant by the Corporate Defendants, initially employed by CHATHAM PARKING SYSTEMS INC. d/b/a CHATHAM PARKING SYSTEMS and subsequently employed by 170 PARK ROW PARKING CORP. d/b/a 170 PARK ROW PARKING.

11. Individual Defendant ELEANOR KAPLAN is and was at all relevant times an owner, officer and\or manager of each of the Corporate Defendants, CHATHAM PARKING SYSTEMS INC. and 170 PARK ROW PARKING CORP.

12. ELEANOR KAPLAN exercised control over the employment terms and conditions of Plaintiff, and had and exercised the power and authority to (i) fire and hire (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff. ELEANOR KAPLAN exercised functional control over the business and financial operations of CHATHAM PARKING SYSTEMS INC. and 170 PARK ROW PARKING CORP.

13. Individual Defendant STANLEY KWONG is and was at all relevant times an owner, officer and\or manager of each of the Corporate Defendants, CHATHAM PARKING SYSTEMS INC. and 170 PARK ROW PARKING CORP.

14. STANLEY KWONG exercised control over the employment terms and conditions of Plaintiff, and had and exercised the power and authority to (i) fire and hire (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff. STANLEY KWONG exercised functional control over the business and financial operations of CHATHAM PARKING SYSTEMS INC. and 170 PARK ROW PARKING CORP.

15. At all relevant times, each of the corporate defendants was and continues to be an "enterprise engaged in in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by the Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings claims for relief as a collective action pursuant to 29 U.S.C. § 216 (b) on behalf of all parking attendants employed by Defendants at the two parking garage facilities

in New York City, on or after the date that is three years before the filing of the Complaint in this action ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and compensation provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines and rules, all resulting in Defendants' willful failure and refusal to pay to them required overtime compensation.

19. The claims for relief are properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216 (b).  The FLSA Plaintiffs are readily ascertainable, and readily identifiable through Defendants' records that Defendants are required to maintain under applicable federal and state law. Notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216 (b).

## FACTUAL ALLEGATIONS

20. On or about March 29, 1998, Plaintiff JOSE M. MENDEZ was hired by Defendant CHATHAM PARKING SYSTEMS INC. as a parking garage attendant for the parking garage located at 180 Park Row, New York, New York.

21. In or about 2016, Plaintiff was transferred to the parking garage located at 180 Worth Street, New York, New York owned by Defendant 170 PARK ROW PARKING CORP. and remains employed by Defendant through the present.

22. Throughout his employment by Defendants, Plaintiff worked six days per week, and on occasion, seven days per week, and regularly worked in excess of 40 hours per workweek.

23. Throughout his employment by Defendants, Plaintiff was compensated for the first 40 hours of work per workweek at an hourly wage rate, paid to Plaintiff by a payroll check issued by Defendants.

24. Throughout his employment by Defendants, Plaintiff was compensated "off the books" for all hours of work per workweek that exceeded 40 hours per workweek.

25. Plaintiff was not properly compensated for hours of work per workweek that exceeded 40 hours per workweek at one and a half times his regular hourly wage.

26. Defendants knowingly and willfully operated their businesses with a policy of not providing accurate wage statements reflecting the actual hours worked, as required by the NYLL, in that the wage statements issued to Plaintiff consistently reflected working 40 hours per workweek, when Plaintiff consistently and throughout his employment worked in excess of 40 hours per workweek.

27. Defendants' policies and practices of: 1) issuing payroll checks to employees only for hours worked per workweek up to 40 hours per week, 2) paying employees "off the books" for hours worked in excess of 40 hours per workweek, and 3) issuing wage statements that did not accurately reflect the actual number of hours worked in a workweek, extended beyond Plaintiff to the FLSA Collective Plaintiffs.

## STATEMENT OF CLAIMS

### FIRST COUNT

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff realleges and reaffirms Paragraph 1 through 27 of this Collective Action Complaint as if fully set forth herein.

29. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203.

30. At all relevant times, Defendants' businesses have had annual gross revenues in excess of $500,000.

31. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs were and are "employees" and covered individuals within the meaning of the FLSA, 29 U.S.C. §§203, 206 and 207.

32. Defendants were required to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation at the statutory rate of one and a half times the regular hourly rate for hours worked in excess of 40 hours per week.

33. During the FLSA Collective period, Defendants willfully failed and refused to pay to Plaintiff and the FLSA Collective Plaintiffs overtime compensation at the statutory rate of one and a half times the regular hourly rate for hours worked in excess of 40 hours per week.

34. During the FLSA Collective period, Defendants failed to properly disclose or apprise Plaintiff and the FLSA Collective Plaintiffs of their rights under the FLSA.

35. As a direct and proximate result of the intentional, willful, and unlawful acts of Defendants in failing to pay overtime compensation at the required statutory rate, Plaintiff and the FLSA Collective Plaintiffs suffered damages consisting of unpaid overtime compensation, in an amount not presently ascertainable, and are entitled to recover the difference between the required statutory overtime compensation rate and the overtime compensation paid "off the books", liquidated damages in an amount equal to the unpaid overtime compensation, prejudgment and post judgment interest, and reasonable attorneys' fees and costs.

36. Defendants' conduct as described above was willful, and intentional and\or was not in good faith. Defendants knew or should have known that the practices and policies complained of herein were unlawful.

37. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255 (a).

## SECOND COUNT

## VIOLATION OF THE NEW YORK LABOR LAW

38. Plaintiff realleges and reaffirms Paragraph 1 through 37 of this Collective Action Complaint as if fully set forth herein.

39. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

40. Defendants willfully failed and refused to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation at the rate of not less than one and a half times the regular hourly rate for hours worked in excess of 40 hours per workweek., in violation of the NYLL and its implementing regulations.

41. Defendants knowingly and willfully operated their businesses with a policy of not providing accurate wage statements reflecting the actual number of hours worked per workweek.

42. Defendants' failure to pay required overtime wages to Plaintiff and the FLSA Collective Plaintiffs was willful and\or not in good faith within the meaning of the NYLL.  Defendants were aware of the requirements of the NYLL and continued to deprive the Plaintiff and the FLSA Collective Plaintiffs of overtime wages owed.

43. Due to the Defendants' violations of the NYLL, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover unpaid overtime wages, damages for unreasonably delayed payments,

reasonable attorneys' fees, liquidated damages, statutory penalties, pre-judgment and post-judgment interests and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a) A declaratory judgement that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c) An order certifying the First Count as a collective action for violations of the FLSA, pursuant to 29 U.S.C. § 216 (b);

d) An award of unpaid overtime compensation due under the FLSA and the NYLL;

e) An award of liquidated and\or punitive damages for Defendants' willful failure to pay the required overtime compensation, pursuant to the FLSA and the NYLL;

f) An award of pre-judgment and post-judgment interest, statutory penalties, attorneys' fees and costs and expenses of this action;

g) Such other relief as the Court may deem equitable and just.

**JURY DEMAND**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: November 28, 2017

                                              Respectfully Submitted,

                                              s/ Michael K. Chong

                                              Michael K. Chong, Esq.
                                              *Attorney for Plaintiff*

                                              2 Executive Drive, Ste. 720
                                              Fort Lee, NJ 07024
                                              Ph#: (201) 947-5200
                                              Fx#: (201) 708-6676

                                              300 Hudson Street, Ste. 10
                                              Hoboken, NJ 07030
                                              Ph#: (201) 708-6675
                                              Fx#: (201) 708-6676

                                              1250 Broadway, 36th Fl., Ste. 300
                                              New York, NY 10001
                                              Ph#: (212) 726-1104
                                              Fx#: (212) 726-3104
                                              MKC@mkclawgroup.com